# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JILL BOLSTER

    Plaintiff,

v.

SPEEDWAY LLC,

    Defendant.

| | |
|---|---|
| SIKORA LAW FIRM | MILLER, CANFIELD PADDOCK |
| Linsday F. Sikora (P75367) | AND STONE, P.L.C. |
| Kristina R. Magyari (P82775) | Amy M. Johnston (P51272) |
| 26211 Central Park Blvd., Ste. 207 | Samantha S. Galecki (P74496) |
| Southfield, MI 48076 | Sarah C. Reasoner (P85573) |
| P: (248) 230-2330 | 150 W. Jefferson, Suite 2500 |
| F: (248) 460-4333 | Detroit, MI 48226 |
| lsikora@sikoralawfirm.com | P: (313) 963-6420 |
| kmagyari@sikoralawfirm.com | F: (313) 496-8453 |
| *Attorneys for Plaintiff* | johnston@millercanfield.com |
| | galecki@millercanfield.com |
| | reasoner@millercanfield.com |
| | *Attorneys for Defendant* |

## DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL

Defendant Speedway LLC ("Speedway"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Circuit Court for the County of Monroe, State of Michigan (Case No. 24-147499-NO) to the United States District Court for the Eastern District of

Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, Speedway states as follows:

1. An action has been commenced against Speedway in the Circuit Court for the County of Monroe, State of Michigan, entitled *Jill Bolster v. Speedway LLC*, Case No. 2024-147499-NO. Copies of the Summons and Complaint and all pleadings filed are attached as Exhibit A.

2. Speedway was served with copies of the Summons and Complaint via certified mail through its registered agent on April 15, 2024. This Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

3. In her Complaint, Plaintiff alleges that she "tripped and fell on an elevated, rippled floormat" while on the premises of a Speedway gas station located at 635 Tecumseh Street, Dundee, MI 48131. *See* Ex. A, Compl. ¶ 8.

4. Plaintiff seeks damages in an unspecified amount in excess of $25,000.00, the jurisdictional minimum for a civil action filed in a Michigan circuit court. *See id.* ¶ 6.

## Grounds for Removal

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

[Any] civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

6. The United States District Court for the Eastern District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs; and (b) between citizens of different states. *See* U.S.C. § 1332(a), (a)(1).

7. "Where a defendant removes a case to federal court, he must make a 'short and plain statement of the grounds for removal,' which must contain 'only a plausible allegation' of diversity of citizenship and amount in controversy." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (internal citations omitted).

8. Plaintiff alleges in her complaint that she resides in the City of Maybee, County of Monroe, State of Michigan. Ex. A, Compl. ¶ 1. Publicly available information shows that Plaintiff is a registered voter in Michigan. *See* Westlaw Records Search attached as Exhibit B. Thus, Plaintiff is a citizen of Michigan. *See Naji*, 665 F. App'x at 400 ("[E]vidence of Plaintiffs' Michigan residence and licenses demonstrates their Michigan domicile, as does their own assertion of Michigan citizenship."); *Leys v. Lowe's Home Centers, Inc.*, No. 1:08-CV-1084, 2009 WL 514291, at *3 (W.D. Mich. Mar. 2, 2009) (An individual's voter registration is evidence of their citizenship for purposes of diversity jurisdiction).

9. Speedway is a Delaware limited liability company with a sole member, SEI Speedway Holdings, LLC. SEI Speedway Holdings, LLC is a Delaware limited liability company with a sole member, 7-Eleven, Inc. 7-Eleven, Inc. is a Texas corporation with its principal place of business in Texas. *See* the State of Delaware Division of Corporations confirmation pages for Speedway and SEI Speedway Holdings, LLC and the State of Texas Office of the Comptroller status page for 7-Eleven, Inc., cumulatively attached as Exhibit C. Thus, Speedway is a citizen of the state of Texas. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (stating that an unincorporated entity like an LLC "has the citizenship of each of its members").

10. There is complete diversity of citizenship between the parties because Plaintiff is a citizen of Michigan and Defendant Speedway is a citizen of Texas. *See CMPS Inst., LLC v. MMG II, LLC*, 521 F. Supp. 2d 616, 617 (E.D. Mich. 2007).

11. Further, the amount in controversy exceeds $75,000, as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.

12. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. *See* Ex. A, Compl. ¶ 4. A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery

- 4 -

of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for") (citations omitted)). Indeed, the Michigan Court Rules permit recovery in excess of the amount demanded in a plaintiff's pleadings. *See* MCR 2.601(A).

13. Plaintiff alleges that she "tripped and fell on an elevated, rippled floormat" and "suffered . . . injuries including, but not limited to, her shoulder, collar bone, head/face." Ex. A, Compl. ¶¶ 8, 11. Plaintiff's allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

14. Jury verdicts and settlements from similar alleged injuries reveal that if liability is proven, damages are likely to exceed $75,000. Please refer to the following results, cumulatively attached as Exhibit D: *Cicillian v. Automobile Club Insurance Assoc.*, JVR No. 431330, 2003 WL 25052248 (Unknown Mich. State Ct., 2003) (car accident victim who suffered "cervical and shoulder strains, and head lacerations" settled case for $75,000); *Romper v. Ambrow*, JVR No. 453120, 2003 WL 25467340 (Unknown Mich. State Ct., 2003) (motorcyclist involved in an

accident who "suffered a left shoulder dislocation, a torn rotator cuff, and shoulder bursitis" settled case for $75,000); *Strong v. Reyme*, JVR No. 442407; 1999 WL 34550124 (Unknown Mich. State Ct., 1999) (car accident victim who suffered "shoulder strain, shoulder laceration and contusions to her arm and lower leg" awarded $100,000 in damages).

15. Indeed, counsel for Speedway reached out to Plaintiff's counsel to see if she would agree to stipulate that her claim is worth less than $75,000. Plaintiff, who is in the best position to know her damages, refused. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) ("It is well established that the plaintiff is 'master of [her] complaint' and can plead to avoid federal jurisdiction.")

## Procedural Requirements for Removal

16. Speedway has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

   a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate Court for removal because the state court in which this action was commenced, the Circuit Court for Monroe County, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

   b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the receipt of the Summons and Complaint. Speedway is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

    c. In accordance with 28 U.S.C. § 1446(d), Speedway will promptly notify Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway will, on the day of filing of this Notice of Removal, send for filing a copy of the same with the court clerk of the Circuit Court for Monroe County.

17. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

18. In removing this action, Speedway specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for the County of Monroe, State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

|  |  |
|---|---|
| | Respectfully submitted, |
| | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
| | By: /s/ Amy M. Johnston<br>Amy M. Johnston (P51272)<br>Samantha S. Galecki (P74496)<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan  48226<br>(313) 963-6420<br>johnston@millercanfield.com<br>galecki@millercanfield.com<br>*Attorneys for Defendant* |
| Dated: May 13, 2024 | |

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2024, I served a copy of the foregoing document, upon:

SIKORA LAW FIRM
Linsday F. Sikora
Kristina R. Magyari
26211 Central Park Blvd., Ste. 207
Southfield, MI 48076

by placing the same in a sealed envelope with first class postage fully prepaid, addressed to the individuals and entities listed above to be served, and depositing the envelope and its contents in the United States mail.

I declare that the statements above are true to the best of my knowledge, information, and belief.

/s/Amy M. Johnston
Amy M. Johnston

42039590.2/135532.00122