# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Speedway LLC
Casey Pennell Legal Assistant
7-Eleven, Inc.
3200 Hackberry Road
Irving TX 75063

April 16, 2024

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2024-1583

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Speedway LLC |
| 2. | **Title of Action:** | Jill Bolster vs. Speedway LLC |
| 3. | **Document(s) Served:** | Summons<br>Plaintiff's Complaint |
| 4. | **Court/Agency:** | 38 Judicial Circuit Court |
| 5. | **State Served:** | Michigan |
| 6. | **Case Number:** | 24-147499-NO |
| 7. | **Case Type:** | Negligence/Premises Liability |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Monday 04/15/2024 |
| 10. | **Date to Client:** | Tuesday 04/16/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 28<br>Monday 05/13/2024 — **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Sikora Law Firm<br>Southfield, MI<br>248-230-2330 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 231 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 38 JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 24-147499-NO<br>Judge Nichols |

**Court address**
106 E First St., Monroe, MI 48161

**Court telephone no.**
734-240-7020

**Plaintiff's name(s), address(es), and telephone no(s).**
Jill Bolster

v

**Defendant's name(s), address(es), and telephone no(s).**
Speedway LLC

**Plaintiff's attorney, bar no., address, and telephone no.**
Sikora Law Firm
Lindsay F. Sikora (P75367)
26211 Central Park Blvd. Ste. 207
Southfield, MI 48076
248-230-2330 / 248-460-4333 Fax

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____. The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 3/25/2024 | 6/24/2024 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MONROE

JILL BOLSTER,

    Plaintiff,

v.

Case No: 24-147499-NO
Hon. Judge Nichols

SPEEDWAY LLC,

    Defendant.

---

**SIKORA LAW FIRM**
**LINDSAY F. SIKORA (P75367)**
**KIRSTINA R. MAGYARI (P82775)**
Attorneys for Plaintiff
26211 Central Park Blvd. Ste. 207
Southfield, MI 48076
(248) 230-2330/ F: (248) 460-4333
lsikora@sikoralawfirm.com
kmagyari@sikoralawfirm.com

---

*There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint.*

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, JILL BOLSTER, by and through counsel, SIKORA LAW FIRM, and for her Complaint against Defendant, SPEEDWAY LLC, states as follows:

1. Plaintiff, JILL BOLSTER, is resident of the City of Maybee, County of Monroe, State of Michigan.

2. Defendant, SPEEDWAY LLC, a foreign limited liability company, is a gas station/convenience store regularly doing business in the County of Monroe, State of Michigan.

3. Defendant, SPEEDWAY LLC, upon information and belief is the owner, co-owner, tenant and/or property manager, of the property located at 635 Tecumseh Street, Dundee, MI 48131, where the subject incident took place.

4. At all times relevant herein, Defendant owned, operated and was in possession and control of 635 Tecumseh Street, Dundee, MI 48131, where this incident took place.

5. Defendant invited the general public, including Plaintiff, JILL BOLSTER, to enter the premises.

6. The amount in controversy is in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of interest, costs and reasonable attorney's fees.

### COUNT I: NEGLIGENCE

7. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1-6, as though fully set forth herein.

8. On or about January 20, 2023, Plaintiff, JILL BOLSTER, was present at Defendant's property located at 635 Tecumseh Street, Dundee, MI 48131, when she tripped and fell on an elevated, rippled floormat.

9. At all relevant times, Defendant owed Plaintiff and other invitees a duty to exercise reasonable care in keeping its premises safe, including, but not limited to, a duty to Plaintiff to maintain the premises in a reasonably safe condition.

10. Defendant breached its duties in the following ways:

    a. Failed to maintain its premises in a reasonably safe condition;

    b. Failed to exercise due care and caution in the maintenance of its premises;

    c. Failed to provide safe, proper and adequate areas to walk for the Plaintiff and others similarly situated;

    d. Failed to warn Plaintiff of hazards, including floormats kept in hazardous conditions;

    e. Failed to comply with all local ordinances;

    f. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint; and

    g. Other duties discovered in the course of continuing discovery.

11. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages, including but not limited to the following:

    a. Injuries including, but not limited to, her shoulder, collar bone, head/face;

    b. Shock and emotional distress;

    c. Loss of the normal enjoyment of life;

    d. Loss of earnings and earning capacity;

    e. Continuing medical expenses; and

    f. Other injuries and/or disabilities discovered in the course of continuing discovery and through the passage of time.

12. These injuries continue through the present and are expected to continue into the future.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant herein in an amount deemed fair and just by the trier of fact in excess of Twenty-Five ($25,000.00) Dollars, together with an award of costs, interest and attorney fees, as well as any other relief that this Court deems fair and just.

## COUNT II: PREMISES LIABILITY

13. Plaintiff repeats and re-alleges Paragraphs 1-12 as if the same were fully set forth herein.

14. At all relevant times herein, Defendant had possession and control of the premises where Plaintiff fell.

15. A dangerous condition existed on Defendant's premises.

16. Defendant knew, or in the exercise of reasonable care should have known, that the black ice was present and created an unreasonable risk of harm to Plaintiff and any other invitees.

17. Defendant failed to remove the dangerous condition from its premises.

18. Defendant failed to inspect the premises for dangerous conditions.

19. Defendant failed to put out caution signs or in any way warn Plaintiff of the danger presented by the hazard.

20. The dangerous condition was effectively unavoidable, and the risk of harm was great.

21. As a direct and proximate cause of the dangerous condition which Defendant allowed to remain on its premises, Plaintiff suffered injuries and damages as outlined above.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant herein in an amount deemed fair and just by the trier of fact in excess of Twenty-Five ($25,000.00) Dollars, together with an award of costs, interest, and attorney fees, as well as any other relief that this Court deems fair and just.

Dated: March 20, 2024

Respectfully Submitted,
**SIKORA LAW FIRM**

BY: _____
**LINDSAY F. SIKORA (P75367)**
Attorneys for Plaintiff
26211 Central Park Blvd. Ste. 207
Southfield, MI 48076
(248) 230-2330/ F: (248) 460-4333
LSikora@sikoralawfirm.com

APR 15 2024